## FRANCIS STAAT
## *v.*
## JAMES V. EVANS.

1. ASSUMPSIT — *when it will lie, where property has been wrongfully taken.* If one person converts the property of another into money, or money's worth, the owner may waive the trespass, and recover for money had and received to his use.

2. VARIANCE *between allegations and proof under a special count — whether evidence admissible under common counts.* Where a declaration in assumpsit contains a special count, and also the common counts, if there be a variance between the proof and the allegations in the special count, and the subject matter as proven is properly admissible under any of the common counts, a recovery may be had under those counts. The object, usually, in adding the money counts, is to avoid the effect of a variance under the special counts.

3. TENDER — *when necessary and when not.* Where the owner of a lot of cattle placed them in the hands of another to be fed and fattened, at a stipulated price per pound for the increase in weight, and the owner brings assumpsit to recover the

value of the cattle, alleging that the party who had taken them to feed, had converted them into money, it is not essential to the plaintiff's right of recovery that he should have tendered to the defendant the price agreed to be paid for feeding them.

4. Should the owner, in such case, bring replevin for the recovery of the cattle themselves, then a tender would be essential to a recovery, unless the opposite party had rendered it impracticable.

5. In this case the defendant was in possession of the cattle at the time the owner demanded them, so that the latter could not have them weighed, and thus was unable to make a tender of the price for feeding them, as it could be ascertained in no other way.

6. INTEREST — *when recoverable.* Where cattle are placed in the hands of a party to be fed and fattened, and redelivered at a certain time, and upon failure to redeliver them, the owner, after the expiration of the time fixed, makes demand of them, which is refused, in assumpsit by the owner to recover their value upon the ground that the defendant had converted them into money, the plaintiff may recover interest upon such value from the time the demand was made up to the time of trial.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of assumpsit brought in the court below, by James V. Evans against Francis Staat.

The declaration contained a special count, in which it was alleged, that on the 10th January, 1859, the plaintiff let the defendant have *thirteen steers*, to be kept fed, and fattened by defendant until the 16th day of March, 1859, which were then to be redelivered to plaintiff, and defendant was to receive "4⅓ cents per pound for all said steers should weigh at the time of redelivering the same to said plaintiff as aforesaid, after deducting therefrom the weight of said steers at the time said defendant took said steers from said plaintiff as aforesaid, to wit: 13,525 pounds at the rate of two and one-half cents per pound, to be paid said defendant by said plaintiff, when said steers should be delivered."

The *breach* is, that defendant did not redeliver the steers at the time agreed upon, nor at any other time, but on the contrary, sold the same, &c. The common counts were added, including that for money had and received. The defendant pleaded the general issue, and the cause came on to be tried.

It appears from the evidence that twelve head of cattle were placed in the hands of the defendant by the plaintiff, substantially upon the terms set forth in the special count, which the defendant converted into money. An objection was made in the court below, that there was a material variance between the case as proven and that alleged in the special count, and therefore the evidence should be rejected.

It also appears the plaintiff demanded the cattle from defendant while they were in his possession, and the defendant offered to deliver them if the plaintiff would pay for the feeding of them. The cattle had been weighed by the defendant, with other cattle. It is not necessary to give the testimony more in detail, to understand the questions of law presented, nor the instructions, as they involve no questions not clearly set forth in the opinion of the court.

A verdict was returned for the plaintiff for $403.05. A new trial was refused, and judgment entered on the verdict. Thereupon the defendant sued out this writ of error.

The questions presented, are, *First*, what effect a variance between the proof and the allegations in the special count would have upon the right of recovery, there being common counts which would embrace the cause of action as proven. *Second*, whether it was necessary, in this form of action, to tender to the defendant the price agreed to be paid for feeding the cattle, and herein, whether it was practicable, under the circumstances, for such tender to have been made, even if otherwise required. Other points were made, but they relate merely to questions of fact.

Mr. H. M. WEAD, for the plaintiff in error.

Mr. A. G. KIRKPATRICK, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court.

The declaration in this case contained the usual money counts and a count for goods, wares and merchandise, in

addition to the special count. The evidence shows that plaintiff in error had converted the cattle into money. The rule is firmly established, that, if one person converts the property of another into money or money's worth, the owner may waive the trespass, and recover for money had and received to his use. Even if there was a variance between the evidence and the special count, no reason is perceived why a recovery may not be had under the count for money had and received. The object, usually, in adding the money counts is to avoid the effect of a variance under the special counts.

It is insisted that the testimony shows that the cattle belonged to the son of defendant in error. It is true that it does appear that Albert Evans at some time had cattle in possession of plaintiff in error, but it fails to show that it was those in controversy. The evidence seems to show that it was a different lot. He demanded of plaintiff in error a different number, and when the cattle in controversy were demanded by defendant in error, plaintiff in error did not deny that defendant in error was the owner. We are of the opinion that the evidence warranted the jury in finding that the cattle belonged to defendant in error.

Plaintiff in error, at the time the demand was made, had possession of the cattle, and it was, therefore, out of the power of defendant in error to have them weighed, so as to ascertain the amount to be paid for feeding them. They had been weighed with other cattle, and defendant in error could not thereby ascertain the weight so as to make a tender of the specific sum due for feeding the cattle. When plaintiff in error offered to deliver the cattle, upon defendant in error paying him for feeding them, unless he had permitted defendant in error to have them weighed, the offer amounted to nothing. But in this form of action we are unable to see that any tender was necessary. If defendant in error did fail to make a tender when it was practicable for him to have done so, will any one contend that he was thereby deprived of his title to the cattle, and that plaintiff in error became the owner. And even if the failure to make the tender had that effect, it

could only amount to a sale, and would leave plaintiff in error indebted to defendent in error for their value, with the right to recover under the appropriate common count. If this were an action of replevin for the recovery of the cattle themselves, then a tender would have been essential to a recovery unless the opposite party had rendered it impracticable.

No objections are perceived to the instructions as given. They announced the law correctly as applied to the evidence in the case. They were not calculated to mislead, nor do we think they did mislead the jury in their finding.

Some objections were interposed to the correctness of the amount found by the jury. They seem to have allowed the weight of the twelve head of cattle at the time they went into the possession of plaintiff in error. Eleven head of these weighed 12,525 pounds, and supposing the other was of average weight of the eleven head, it would give a total of 13,662 pounds, and this at two and one-half cents per pound, would give the sum of $341.55; add to this the sum of $61.50 for three years' interest on the first sum, and we have the sum of $403.05, the amount of the verdict. It appears that the cattle were to be delivered to defendant in error on the 12th day of March, 1859, but the demand was not made until some days later. The trial was had in April, 1862, making full three years between the demand and the trial, for which period it was proper to allow interest. Thus it is seen that the amount found by the jury was correct. We have no hesitation in saying that the verdict of the jury was warranted by the evidence, and the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*