## Case No. 5,997.

### HAMMER v. KAUFMAN et al.

[2 Bond, 1.][1]

Circuit Court, S. D. Ohio. Feb. Term, 1866.

PLEADING — ANTICIPATION IN PLEADING NOT NECESSARY.

1. A plaintiff or defendant is not bound, in his declaration or plea, to anticipate, notice, and remove every possible exception, answer, or objection which may exist, and with which his adversary may intend to oppose him. He sufficiently substantiates the charge or answer for the purpose of pleading, if his pleading establishes a prima facie charge or answer.

2. It is not necessary to state matter which should come from the other side. Matter in defeasance of an action need not be stated, and whenever there is a circumstance, the omission of which is to defeat the plaintiff's right of action, prima facie well founded, whether called by the name of a proviso, or a condition subsequent, it must, in its nature, be matter of defense, and ought to be shown in pleading by the opposite party.

[This was an action at law by Adolph Hammer against John Kaufman and others, upon a bond accompanying an agreement in which the defendants agreed to pay the plaintiff $30,000 for a disclosure of his improvement in the process and apparatus for brewing beer. The case was first before the court upon defendants' motion for an order on the plaintiff for oyer of the bond and agreement. See Case No. 5,998].

Kebler & Whitman, for plaintiff.
Stallo & Kittredge, for defendants.

OPINION OF THE COURT. This action is in debt for a penalty of $30,000, named in a bond executed by the defendant Kaufman for himself, and in behalf of the other defendants, dated December 9, 1864. The condition of the bond, as set out in the declaration, is substantially that the defendants shall, in all respects, perform the stipulations of a written agreement executed by the parties on the above-named day, and on the failure of the defendants so to do, they shall forfeit and pay to the plaintiff on March 1, 1865, the said sum of $30,000 as liquidated damages. The declaration then sets out some of the covenants in said agreement, reciting in substance that the plaintiff had discovered valuable improvements both in the process

[2] [From 2 Cent. Law J. 188.]
[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

and apparatus for the brewing of beer, which the defendants were desirous of using in their brewery at Cincinnati, in making lager beer; and averring that the plaintiff, in consideration of the sum of $30,000, to be paid to him by the defendants on March 1, 1865, agreed to communicate to the defendant, Kaufman, the knowledge of his improvements in brewing, and to the best of his ability to instruct them in the art of brewing, so that they could make lager beer of a good quality in the hottest weather, if his mode was properly applied. The declaration further avers, that it was one of the stipulations of said agreement, that said Kaufman was to call at the plaintiff's office, in the city of New York, to receive instructions in the use of said improvement. It is then averred that the plaintiff fulfilled his part of the agreement by communicating to Kaufman the necessary information as to the use of his improvements, and that he received the same. Profert is made of the bond, and of the agreement; and the breach averred, is the non-payment of the $30,000, on the said 1st of March, or at any other time. Upon the application of the defendants, oyer of the bond and the collateral agreement was ordered by the court; and the defendants now come into court, and after setting forth, in haec verba, these instruments, demur to the declaration specially, stating as the causes of demurrer: (1) A variance between the agreement, as set forth in the declaration and as it is exhibited upon oyer, in that the declaration avers that the defendants bound themselves unconditionally to pay the plaintiff $30,000, on or before March 1, 1865, contrary to the true and legal intent of said agreement; (2) that the declaration does not aver any sufficient breach of the writing obligatory set forth in the declaration.

The demurrer undoubtedly presents the question, whether upon the bond and the agreement, as set forth upon oyer, the plaintiff exhibits a prima facie right to recover the sum claimed in his declaration, or whether he shall be held to set up his defense by plea. Practically it would seem of very little importance, so far as the interests of the defendants are concerned, whether the decision on the demurrer is for or against them. If the demurrer is overruled, they will have the right to set forth any defense they may have, by plea, with the privilege of a full trial by a jury, on the issues presented. The agreement between these parties is unique in its character, and very inartificially drawn. It may not be an unreasonable supposition, from its peculiar structure and terms, that as lager beer was the principal subject-matter, that agreeable beverage had a controlling influence in its execution. Referring to the agreement, the only act to be done by the plaintiff was the communication to the defendant, Kaufman, of the knowledge of the plaintiff's improvement in the art of making lager beer, and permission to use the utensils

or apparatus of the plaintiff in its manufacture. The declaration avers performance by the plaintiff of this part of the agreement; and by its terms, that was the consideration for the undertaking by the defendants to pay the plaintiff the sum named as the penalty of the bond. As already noticed, the only breach assigned is the non-payment of this sum. These averments clearly show a prima facie right of action in the plaintiff. But it is insisted by the counsel for the defendants, that the declaration wholly omits an essential part of the agreement, namely, the stipulation that if the defendants, on the trial of the plaintiff's method of brewing, did not find it to be better than the method or process previously used by them, they were at liberty, on or before March 1, 1865, to discontinue the use of it; and in that event were not to be liable to pay anything for the knowledge or information imparted to them by the plaintiff. This provision undoubtedly secured a very important right to the defendants; a right to abandon the use of the plaintiff's improvement on or before the 1st of March, if in their judgment it was not useful or valuable. It is insisted that the declaration in order to the setting forth of a legal cause of action as for a breach of defendants' stipulations, should have averred affirmatively, that they did continue the use after the 1st of March, and thereby became liable to pay the $30,000 named as the penalty for a violation of their agreement.

There can be no question that the agreement fully and distinctly recognizes the right of the defendants to discontinue the use of plaintiff's improvement, if, in their judgment after trial, it was of no value. And it is equally clear, that in that event they were absolved from all obligation to pay. But was the plaintiff bound to aver in his declaration, that they did continue to use the improvement after the date mentioned. It would seem that after having stated that he had complied with his agreement in communicating the information as to the character and application of his improvement, which constituted the consideration for which the defendants bound themselves to pay him $30,000, and having averred the non-payment of this sum as the breach of the agreement, he states a case which prima facie entitles him to recover. And that the fact of non-user, on and after the 1st of March, must be set up by way of plea, if the fact is that they ceased to use after that date. The non-user was a fact, in the nature of a condition subsequent, which the plaintiff was not bound to state. The authorities, I think, fully sustain this position. Gould, Pl. p. 177, § 17; Id. p. 179, § 21. In 2 Chit. Pl. (10th Ed.) 252, it is laid down as a rule that it is enough for each party to make out his own case or defense. He sufficiently substantiates the charge or answer for the purpose of pleading, if his pleading establish a prima facie charge or answer. He is not bound to anticipate, and therefore is not compelled to notice and remove, in his declaration or plea, every possible exception, answer, or objection which may exist, and with which the adversary may intend to oppose him.

But there is another well-settled principle of special pleading that has a direct bearing on this question. It is not necessary to state matter which should come more properly from the other side. Steph. Pl. 350. The author says the meaning of this is, that it is not necessary to anticipate the answer of the adversary. And in 2 Chit. Pl. 223, it is laid down, that matter in defeasance of the action need not be stated, and whenever there is a circumstance, the omission of which is to defeat the plaintiff's right of action, prima facie well-founded, whether called by the name of a proviso, or a condition subsequent, it must, in its nature, be matter of defense, and ought to be shown in pleading by the opposite party. Now the application of this rule to the question before the court is obvious. The ground of demurrer to the declaration is, that the plaintiff does not allege the non-user of his improvement by the defendants on or after the 1st of March, and that such non-user, under the agreement, was to release the defendants from their obligation to pay. But clearly this non-user, if such was the fact, was within the knowledge of defendants more properly than of the plaintiff, and must be set forth as matter of defense by plea. The object of all pleading is to advise the adversary party of what is relied on to sustain or defeat the suit. Now it clearly was not necessary for this plaintiff to notify the defendants of the abandonment of the use of the plaintiff's improvement, on the 1st of March, by an averment to that effect in the declaration; for the plain reason that whether the defendants did or did not cease the use on or before that day was within their knowledge. Perhaps a fair construction of the clause of the agreement under consideration would be, that the non-payment of the sum agreed on as fixed damages on the day named, was to be treated as notice of the non-user by defendants; but in the absence of express notice of that fact, the plaintiff was not bound to regard this negative evidence as conclusive. He might have reason for the conclusion that the failure to pay was from some other cause than the abandonment of the use of the plaintiff's improvements.

Without going more fully into the consideration of the questions raised on the demurrer, my opinion is clear that it must be overruled. If the views stated are correct, there is no variance between the declaration and the agreement, as the plaintiff was not bound to set forth the condition on which the penalty of the bond was to be payable; nor in making out a prima facie cause of action, was he bound to aver any other breach than the non-payment of the sum named as the penalty. In stating these views, I have great satisfaction in knowing that if erroneous, my

conclusions can work no injustice to the defendants. If they have a good defense to this action on the merits, the way is plain for making it available to them. And I may venture to intimate, that the final disposition of the case on pleas exhibiting fully the grounds of their defense, ought to be more satisfactory to the defendants than a decision, based on the legal points raised by this demurrer. The demurrer is overruled, and the defendants have leave to plead.