ELIAS B. STILES,

*v.*

JAMES S. EASLEY.

1. ALIEN ENEMY—*of contracts made prior to a war—and of the right to sue.* The rule of law which holds contracts with an alien enemy to be void, has no application to contracts entered into between citizens of different States, prior to the commencement of war between such States.

2. In this case, a citizen of the State of Virginia had, before the commencement of the late war of the rebellion, sold a tract of land lying in this State, and transmitted to a party here a deed to the purchaser, with directions to the person to whom it was sent to deliver the deed and remit the first payment on the land, and also the notes and mortgage to be executed by the purchaser to secure the residue of the purchase money. The party receiving the deed obeyed these instructions, except as to transmitting the notes and mortgage, which he retained, and in the years 1863–4, pending the war, collected them: *Held,* the contract, having been made before the war commenced, was not within the rule which would render it void, as having been made with an alien enemy, and upon the return of peace the law at once raised an implied assumpsit on the part of the person so collecting the notes, to account to the owner for the amount.

3. While hostilities continued, a citizen of a hostile State was disabled from suing in our courts; but such disability ended with the war.

APPEAL from the Circuit Court of Lee county; the Hon. WM. W. HEATON, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. JOHN V. EUSTACE, for the appellant.

Messrs. EDSALL & CRABTREE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit, brought by Easley against Stiles, to recover money belonging to the former, which had

come into the hands of Stiles in the following manner: Easley, being a resident of the State of Virginia, and owning a tract of land in Whiteside county, in this State, which he had contracted to sell, on the 20th of March, 1861, sent to the defendant, Stiles, who was then a banker in Dixon, Illinois, a deed to the purchaser, with instructions to Stiles to deliver it and receive and remit the first payment on the land, and also the notes and mortgage to be executed by the purchaser. This was before the commencement of the late war. Stiles obeyed these instructions, except as to transmitting the notes and mortgage to Easley. He retained these in his possession, and in the years 1863–4 collected the amount due upon them, and now refuses to account to Easley. This suit is brought to recover the amount.

The defendant insists that the plaintiff was an alien enemy at the time the cause of action accrued, and relies upon the rule of law which holds contracts with an alien enemy to be void. The rule, however, has no application to this case. Here was no contract made during the war. Stiles, at the commencement of the war, had possession of the property of Easley, in the form of notes and a mortgage. During the war, by his own voluntary act, he converts this property into money for his own use. While hostilities continued, Easley, as the citizen of a hostile State, was disabled from suing in our courts; but this disability ended with the war. With the return of peace, our courts were again open to the plaintiff, and the law at once raised an implied assumpsit on the part of the defendant to account to him for the property which the defendant had converted. *Hauger* v. *Abbott*, 6 Wallace, 536. The defense relied upon is no more a bar to this action than it would be if the money had been collected by Stiles before the war, and is as unsound in law as it is bad in morals.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*