| | |
|---|---|
| 92 | 237 |
| 26a | 62 |
| 92 | 237 |
| 42a | 20 |
| 92 | 237 |
| 47a | 278 |
| 92 | 237 |
| 62a | 441 |

</div>

DAVID B. LEWIS

*v.*

JAMES E. LEWIS.

1. NEW TRIAL—*finding from the evidence.* Where the evidence is conflicting, and that produced by either party, considered alone, is sufficient to require a verdict in his favor, a new trial will not be granted on the ground that the verdict is not sustained by the evidence.

2. ACTION. Where the owner leaves personal property in the possession of another he can not recover its value without proof of a sale, or that such other has converted it into money, or converted it to his own use.

3. SURETY. *Where a surety becomes the purchaser of the property of his principal, under an agreement to pay the debt* for which he is surety and some other debts, and does not take such property as agent with which to pay the debts,

he will not be entitled to recover of his principal for the sum paid by him for his principal upon the debt in which he is surety.

APPEAL from the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. WARREN & POGUE, for the appellant.

Messrs. SNEDECKER & HAMILTON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought by David B. Lewis against James E. Lewis, and a writ of attachment was sued out in aid on an affidavit charging that defendant was about fraudulently to sell and dispose of his property, so as to hinder and delay his creditors. The affidavit was traversed by defendant. The general issue and other pleas were filed and issues formed. A trial was had by the court and a jury, resulting in a verdict and judgment in favor of defendant, and plaintiff appeals, and urges a reversal because the evidence fails to support the verdict.

It appears that appellee, in June, 1864, borrowed $280 of the trustees of a school township, and appellant became his surety on a note given for the amount. Appellant subsequently paid the note, and then instituted this suit to recover the money thus paid from appellee. The defence relied on is, that appellee placed property in the hands of appellant to pay this and other debts owing at the time by appellee, and in consideration of the purchase of such property appellant promised to pay the debts, including that owing to the school fund; that when he paid that debt he only discharged and paid a debt he had for a sufficient consideration agreed to pay, and appellee therefore owes him nothing. And the jury so found under the evidence.

It appears that some time in the month of March, 1872, this school note being unpaid, and appellee then owing other debts, to provide for their payment he gave a chattel

mortgage to one Stafford, the treasurer of the school trustees, and to whom appellee was individually indebted ; and by the terms of the mortgage he was created a trustee to hold, sell and dispose of the property thus mortgaged, and out of the proceeds to pay the claim to himself and the other debts named in the mortgage, of which the school debt was one. When the debt to Stafford became due he advertised the property for sale. Thereupon appellee applied to appellant to aid him, and to prevent his property from being sacrificed by a sale. An arrangement was made by them, the terms of which do not very clearly appear. But it does appear that appellant attended the sale, and it was then arranged that he should purchase the property at $1000, the amount of the indebtedness named in the mortgage—and the property was sold to him; that he should give thirty days' notice, and sell the property on six months' time, and pay this indebtedness. In pursuance of such a notice a sale was made to the amount of $1211.75, being $211.75 more than the amount of the debts. Appellant took notes from the purchasers, with sureties, and afterwards transferred them in payment of all the debts except the note to the school fund, and a note of sufficient amount was transferred to the treasurer to pay it when collected, as collateral security.

Subsequently appellant settled the transaction with appellee, and paid him $50.75, and witnesses testify that he promised when he should take up the school note to deliver it to appellee. The evidence of this settlement and promise is uncontradicted.

The note transferred to the school treasurer as collateral security proved to be worthless, and was never collected. Appellant paid the school note. Out of the failure to collect the note delivered to the school treasurer to be collected and applied to the payment of the school debt, grows this controversy. Appellant claims that he did not in fact purchase the property, but only received it as an agent to sell, and out of the proceeds to pay the debts named; that he did not

undertake at all events to pay them. Appellee claims he did. The question was fairly before the jury to determine whether there was an absolute sale, or the form of a purchase at the sale under the mortgage was intended for some other unexplained purpose. If it was designed only to make appellant an agent to sell the property and pay the debts for appellee, why not have placed the property in his hands with power to sell as he did, and apply the proceeds? Why any necessity to have the form of a sale, unless appellant was to become the absolute owner? The creditors seem to have consented that. he should purchase as he did, and they to look to him for payment of their claims in the manner it was done. They no doubt looked to him for payment, and not to appellee. The parties gave to it the form of an absolute sale, and the jury were warranted from the evidence in finding that it was, and that the consideration was the payment of these debts of appellee.

On a careful examination of the testimony we find it inharmonious, and it was for the jury to consider and weigh it, and find what it proved. If the evidence of each side were considered alone, it would require a verdict in favor of the party who introduced it. It therefore follows that the evidence supports the verdict. And in such a case we are not warranted in reversing the judgment because it is not sustained by the evidence.

It is claimed that appellant left a portion of the property in the hands of appellee, and that its value, at least, should have been found in favor of appellant. There is no evidence which we have found in the record that it was sold to appellee, or that he had converted it into money. If there was no sale to appellee, and he still holds it, and it belongs to appellant, or appellee has converted it to his own use, the former has his action for its recovery or its conversion.

We perceive no error in the instructions, nor do we find any error in the record, and the judgment must be affirmed.

*Judgment affirmed.*