WILLIAM ANGUS

v.

WILLIAM FOSTER.

*Negotiable Instruments—Notes—Set-off—Practice.*

1.   Where questions of fact have been fairly and intelligibly presented to a jury and no improper evidence admitted, the judgment will not be reversed for the reason alone, that a wrong conclusion was reached, provided there was evidence introduced to support the verdict.

2.   The judgment of the trial court will not be reversed on the ground of being against the evidence, where the evidence of the successful party, considered by itself, is clearly sufficient to support the verdict.

3.   An instruction unwarranted by the evidence should not be given.

[Opinion filed December 7, 1891.]

APPEAL from the County Court of Will County; the Hon. BENJAMIN OLIN, Judge, presiding.

Messrs. FLANDERS & SHUTTS, for appellant.

Mr. GEORGE J. COWING, for appellee.

HARKER, J.   This suit was brought by appellant on two promissory notes executed by appellee to appellant.

Appellee pleaded non assumpsit and set-off. On the trial the notes were admitted without objection, the contest being upon the claim of set-off. The jury returned a verdict in favor of appellee for $1.83. A motion for new trial was over-ruled, and a judgment was entered upon the verdict.

In the spring of 1882 appellee, as tenant, took possession of appellant's farm for a term of five years. The farm was at the time in rather bad condition, and appellee's claim for set-off was for hauling building material, repairing fences, cutting hedges and tiling.

We see no error of the trial court on the admission of evidence. There was a sharp conflict between the testimony of appellant and appellee. The record shows that the contro-verted questions were fairly presented to the jury. It is a familiar rule of law announced repeatedly by our Supreme Court and this court, that where questions of fact have been fairly and intelligibly presented to a jury and no improper evidence admitted, the judgment will not be reversed for the reason alone, that a wrong conclusion was reached, provided there was evidence in the case to support the verdict. It will not suffice for the record to show that the evidence largely preponderated for the appellant.

Before the jury who found the verdict and the judge who denied the new trial appeared the witnesses in person, and their opportunities for judging of the credit to be given to their testimony were vastly superior to those of an appellate court, who sit in review of the case with the testimony tran-scribed from the notes of a stenographer. To such an extent has this rule been carried, that our Supreme Court and this court have held that the judgment of the trial court will not be reversed on the ground of being against the evidence, where the evidence of the successful party, considered by itself, is clearly sufficient to support the verdict. Lewis v. Lewis, 92 Ill. 237; I. C. R. R. v. Gillis, 68 Ill. 317; Calvert v. Carpenter, 96 Ill. 63; Shevalier et al. v. Seager et al., 121 Ill. 564; Peoria Grape Sugar Company v. Frazier, 26 Ill. App. 60.

The testimony of appellee, considered by itself, was amply sufficient to support the verdict in this case.

The tenth instruction given on behalf of appellee, told the jury that where money due another is withheld by any unreasonable and vexatious delay, the party from whom the money is withheld is entitled to six per cent interest. While the evidence did not warrant such an instruction, it is apparent the giving of it was not harmful, because the jury allowed no interest.

The judgment should not be disturbed because of the error in giving that instruction.

*Judgment affirmed.*