## St. Louis, Alton & Terre Haute Railroad Company

### v.

## William Winkelmann.

*Railroads—Negligence of—Flooding Lands—Trestle Across Natural Watercourse.*

1. Testimony of the plaintiff in an action brought to recover for damage arising from the flooding of lands through the negligence of another, setting forth that a certain flood occurred in 1887 or 1888 is admissible under an allegation that it occurred in 1887.

2. In the construction of bridges and trestles crossing natural streams, and the approaches thereto, railroad companies must so construct them that they will not obstruct the natural flow of water.

3. Whether the trestle in a given case constituted an obstruction to the natural flow of the water, by reason of which the flooding occurred, or whether the flowage increased by reason of the manner of construction of the trestle, are questions of fact in a given case for the jury to determine.

4. Where the evidence is conflicting, and that produced by the party in whose favor the verdict is rendered, is, when alone considered, sufficient to support a verdict in his favor, this court will not reverse such judgment as not being sustained by the evidence.

5. This court holds as proper the refusal of the trial court to require the jury to answer certain interrogatories, the fact being that neither of the propositions submitted, on which the jury were asked to find specially, if answered in the affirmative, could control the general verdict.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of St. Clair County; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. TURNER & HOLDER, for appellant.

Mr. WILLIAM WINKELMANN, *pro se.*

MR. JUSTICE PHILLIPS. Appellee, the plaintiff, brought suit against appellant, the defendant, for flooding lands, alleging that the construction of a trestle across a natural watercourse, obstructed the natural flow of water, and alleges damage sustained in 1885, 1887 and 1890 by reason of such overflows. It is first objected that there is a variance between the proof and declaration as to the flood charged in the second count. Plaintiff testifies that the flood occurred in 1887 or 1888, but does not fix the time with certainty. It was not necessary to prove the exact date of the flood and the testimony of the plaintiff as to its occurrence in 1887 or 1888, under the allegation that the flood occurred in 1887, was admissible, and there was no variance, and there was no error in the admission or exclusion of evidence. We have carefully examined the instructions given for plaintiff and we find no error in the giving thereof; nor was it error to refuse the instruction asked by defendant, that railroad companies were only required to have its trestles of sufficient capacity to carry the water that runs in the streams.

In the construction of bridges and trestles crossing natural streams, and the approaches thereto, railroads must so construct them that they will not obstruct the natural flow of water; and a trestle or bridge may be constructed with sufficient capacity to carry the water in the streams and yet, in times of overflow, be an obstruction to the natural flow of water that would flood lands above such trestle. Certain special findings were submitted to the jury which they failed to answer, and on motion to require the jury to

answer the special interrogatories, that motion was denied by the court, to which defendant excepted.   Neither of the propositions submitted, on which the jury were asked to find specially, if answered in the affirmative, could control the general verdict.   "It is a special finding of facts inconsistent with the general verdict that is to control it, and no question, the answer to which can not have that effect, can be material."   C. & N. W. Ry. Co. v. Bouck, 33 Ill. App. 123.

Whether the trestle constituted an obstruction to the natural flow of water, by reason of which plaintiff's lands were flooded, or whether the amount of water overflowing plaintiff's land was increased by reason of the manner of construction of the trestle, were questions of fact that it was the peculiar province of the jury to determine, and it can not be said that there is not evidence on which to base the verdict.   Where the evidence is conflicting, and that produced by the party in whose favor the verdict is, when that evidence, if alone considered, is sufficient to support a verdict in his favor, we are not warranted in reversing a judgment as not being sustained by the evidence.   It was held in Lewis v. Lewis, 92 Ill. 237, "If the evidence of each side were considered alone, it would require a verdict in favor of the party who introduced it.   It therefore follows that the evidence supports the verdict."   We find no error in the record.   The judgment is affirmed.

*Judgment affirmed.*