# John Farson, A. B. Leach and Duke M. Farson v. Oscar B. Hutchins.

1. WAIVER—*Of Tort—Suit in Assumpsit.*—Where a check deposited, is treated as a bailment, if the bailees wrongfully convert it into money, the bailor may waive the tort and sue in assumpsit.

2. ASSUMPSIT—*When the Proper Action.*—Where a person is authorized by the terms of a contract to collect money upon a check deposited with him and does so, assumpsit is the proper form of action to recover it.

3. ABSTRACTS—*When Defective.*—The court will not search the record to find out what the abstract ought to show.

**Assumpsit for Money Had and Received.**—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

MANN, HAYES & MILLER, attorneys for appellants.

JOHN S. HUEY, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellants' brief makes the following statement of the case and their contentions:

"This is an assumpsit suit, brought by the appellee to recover, under the common counts, upon a claim for money had and received. Appellants' firm was the depository of a certain real estate contract and $1,000 earnest money connected with the sale of land. The contract itself provides that the earnest money shall be held by appellants for the mutual benefit of the parties thereto. About a month after the expiration of the time stipulated in the contract for its fulfillment, appellants turned over the contract and earnest money to the vendor, Thomas W. Sprague. Appellee claims that the money should have been returned to him, and brought suit in assumpsit against appellants, together with Sprague, seeking to recover the said earnest money. Upon the trial below, and after hearing all of the evidence,

appellee dismissed proceedings against the vendor, Sprague, and prosecuted his suit against appellants. Jury was waived by the parties, and a finding and judgment rendered against appellants for the sum of $1,214.50, being the amount of earnest money and interest. From this finding and judgment appellants have appealed to this court.

The contention of appellants and reasons for the reversal of said judgment, are :

First. The action is improperly brought against them; that appellants are not liable in assumpsit upon the common counts.

Second. No demand is shown to have been made by appellee before the commencement of the suit.

Third. Appellee is not entitled in law or fact to the return of the earnest money; therefore the finding of the court below was contrary to the law and evidence."

As to the first and second contentions stated by appellants, the evidence shows that the earnest money was represented by a certified check for $1,000, deposited as an escrow, along with the contract, with the appellants.

Neither the check nor the contract are abstracted, but the inference from the evidence is that they were both dated early in September, 1890, and on the same day, and that the check was drawn by the appellee, or, perhaps, by some one else in his favor. Mr. Sprague, one of the original parties defendant, being called as a witness for the plaintiff, the appellee here, testified that he thought the appellee and himself put their names on the back of the check the day they made the contract, and left it with the appellants, Farson, Leach & Co., probably on September 11th; that Farson, Leach & Co. preferred to have the cash rather than the check, and that they collected the check on September 17, 1890, and paid the money to him on January 20, 1891.

What the terms of the escrow agreement were under which the check and contract were deposited with Farson, Leach & Company, is not shown by the abstract, but it is said in appellee's brief that the check was turned into money, " in direct violation of the terms of the escrow."

The general rule is well settled that, treating the check as a bailment, if the bailees, Farson, Leach & Company, wrongfully converted it into money, the appellee could waive the tort and sue in assumpsit. City of Elgin v. Joslyn, 136 Ill. 525; Lewis v. Lewis, 92 Ill. 237; Stiles v. Easley, 51 Ill. 275; T. W. & W. Ry. Co. v. Chew, 67 Ill. 379; Alderson v. Ennor, 35 Ill. 455; McDonald v. Brown, 16 Ill. 32; Dickinsen v. Whitney, 4 Gil. 406; Morrison v. Rogers, 2 Scam. 317.

Or if the appellants were entitled under the terms of the contract to collect the money on the check (and the absence of the contract from the abstract does not enable us to see what the fact was), then, under the evidence to which we have referred, assumpsit was clearly the proper form of action. Edwards v. Hodding, 5 Taunton (1 Eng. Com. Law) 815; Duncan v. Cafe, 2 M. & W. 244; Burrough v. Skinner, 5 Burrow 2639; Cowling v. Beacham, 7 Moore 465 (17 Eng. Com. Law 521); Gray v. Gutteridge, 1 M. & R. 614 (17 Eng. Com. Law 691).

And it appearing that appellants had paid the money to Sprague, the vendor, no demand on them by appellee was necessary. 5 Am. & Eng. Ency. of Law, 528 a.

The right of the appellants to pay the money to Sprague depended upon whether Sprague was entitled to the money as against the appellee, and it is apparent that whether so or not must turn upon what the contract was and what was done under it, and involves all that is embraced within appellants' third contention; but, as we have already said, the abstract shows nothing of the contract.

Neither the contract, which we assume was made between appellee and Sprague, and related to a purchase and sale of real estate; nor the abstracts of title, upon which the case seems, by the arguments, to largely depend; nor the opinion of counsel upon the title shown by the abstracts of title; nor the check that was deposited with appellants; nor the deed said to be from Sprague to appellee; nor a bill filed under the burnt records act, the master's report and the decree thereunder; nor a deed said to be from one Shultz to Sprague; nor various letters which may be of great importance, nor any part of either, is shown by appellants' abstract.

All that is mentioned in the abstract concerning said documents is as follows:

"Contract—Plaintiffs' Exhibit A."

"Check—Plaintiffs' Exhibit B."

"Indorsements on check."

"Letter—Exhibit C, plaintiff."

"Written opinion of title by Hiram H. Cody & Sons—Exhibit D."

"Abstract of title—Exhibit E."

"Letter December 27, 1890—Exhibit F."

"Second opinion of Hiram H. Cody—Exhibit G."

"Letter November 5, 1890—Exhibit H."

"Abstract of title dated December 23, 1890."

"My deed—Sprague to Hutchens."

"Bill, report of master of decree in the burnt record proceedings, Shultz v. Weiss et al."

"Warranty deed from Shultz and wife to Thomas W. Sprague, dated December 22, 1890."

"Letter, Hutchens to Sprague, December 31, 1890."

It is true that appropriate numerals indicating the pages of the record where said exhibits may be found precede each specified exhibit, but this court and the Supreme Court have often held that they can not search the record to find out what the abstract must show.

The last application of the rule was in Chicago and South Side Rapid Transit Company v. Lackman (No. 5987 this term), where, and in cases there referred to, the reasons for enforcing the rule may be found.

It is apparent that what we have shown falls far short of being an abstract of anything; it is not even an intelligible index in numerous instances. What "contract?" What "check?" Whose "letter" and to whom? "Abstract of title" to what property? and so on, might be repeated as questions, made appropriate to the subject, to most of the things so indexed. See Johnson v. Bantock, 38 Ill. 111.

While we might not, having due regard for the rules pertaining to abstracts, and for our uniform and numerous decisions, reverse any cause upon such an incomplete abstract,

still, inasmuch as appellants in their brief have stated what they, presumptively, regard as the material portions of the recitals and undertakings of the contract, and of the abstract of title, and of two old deeds, and of the alluded to opinion of title, we have considered them attentively in connection with the argument of appellants' counsel based thereon, which we must assume presents the case as favorably to appellants' contention as could be made to appear with everything before us, and from such consideration our conclusion is that the judgment of the Circuit Court should be affirmed upon the merits, without regard to the deficiencies of the abstract, and it is therefore affirmed.