## Edward Shields et al. v. John Brown.

1. APPELLATE COURT PRACTICE.—An abstract must, as against the appellant, be sufficiently full to present all the errors upon which he relies.

**Trial on a Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

JAS. C. COONEY, attorney for appellants.

SIMEON ARMSTRONG, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The merits of this appeal are presented to us upon an abstract, the whole of which, omitting the title to the cause and the name of appellants' attorney, is as follows:

"ABSTRACT OF RECORD.

Page of
Record.

1      Placita.

2      Bond.

3-6    Petition for certiorari.

8-13   Transcript of justice.

14     Order of court quashing writ of certiorari on motion of plaintiff.

15     Stipulation.

17     Bill of exceptions.

19     Appeal bond to Appellate Court.

21     Certificate of clerk.

23     Assignment of errors.

1st.   The court erred in quashing the writ.

2d.    The court erred in finding in favor of plaintiff on motion to quash.

3d.    The court erred in not finding in favor of defendants.

4th.   The court erred in sustaining the motion to quash.

5th.   The court erred in not overruling motion quashed."

The practice is thoroughly settled that no cause can be reversed upon such an abstract. It is not a compliance with the rules of the court, and utterly fails to intelligibly present any portion of the record upon which error is claimed. An abstract must, as against the appellant, be sufficiently full to present all errors upon which he relies. Everything on which error is assigned must appear in the abstract.

For the authorities, we refer to Johnson v. Bantock, 38 Ill. 111; C., P. & St. L. Ry. Co. v. Wolf, 137 Ill. 360; Strohm v. People, 160 Ill. 582; City Electric Co. v. Jones, 161 Ill. 47; Poppers v. Perkins, 61 Ill. App. 250; South Side R. T. R. Co. v. Lackman, 62 Ill. App. 437; Farson v. Hutchins, 62 Ill. App. 439, and Schmidt v. Devine, 63 Ill. App. 289.

In his brief the appellant argues :

"The petition contains all the requirements of the statute.  *   *   *

"The matters set out in the petition in this cause amount to a valid, legal and binding obligation entered into by the parties litigant based upon a sufficient consideration."

And yet, as we have seen, he does not furnish in his

abstract a word of the petition, nor does he do so in his brief. This illustrates more fully than any argument could do, the defectiveness of the abstract.

For want of a sufficient abstract, the judgment of the Circuit Court is affirmed.