### Charles S. MacCarty v. Mary E. Springer.

1. ABSTRACT—*Must be Sufficiently Full.*—An abstract must, as against the appellant, be sufficiently full to present all the errors upon which he relies.

**Bill to Foreclose a Trust Deed.**—Trial in the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Hearing and decree for complainant. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

JAMES T. MAHER, attorney for appellant.

M. L. RAFTREE, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court. In this case the assignment of errors is as follows:

MacCarty v. Springer.

" 1.   The court erred in confirming the master's report.

" 2.   The court erred in entering decree against Charles S. MacCarty, in manner and form as provided in said decree, as said decree is contrary to the law and the evidence."

The so-called " abstract of record " filed in this case, does not give the master's report.   The only statement as to it is this :

" Report and supplemental report of master filed February 19, A. D. 1896, with exhibits and proofs therein mentioned, finding Charles S. MacCarty personally liable for the payment of the incumbrances in question, and that the complainant is entitled to a decree of foreclosure."

Neither is there any abstract of the decree further than this :

" Decree of foreclosure and sale pursuant to the report of the master, entered upon the same day, for $2,536.02, as due by the return of the notes and trust deed."

Neither does said alleged abstract of the record purport to give the substance of the testimony offered on behalf of the appellee, or even refer to the fact that there was any taken.   We can not, therefore, determine from the abstract whether the assignment of errors is well founded or not.

It is the well settled rule of the Appellate Court of this district, as well as of the Supreme Court of Illinois, that " an abstract must, as against the appellant, be sufficiently full to represent all the errors upon which he relies." Shields v. Brown, 64 Ill. App. 259, and cases there cited.

The brief and argument for appellee purport to quote in numerous instances from the record.   As these quotations are not challenged by appellant, we accept them as reliable. It thus appearing that the decree of the court below is correct, we have no hesitancy in affirming it for want of a sufficient abstract.

The decree of the Superior Court is affirmed.