### George B. Chamberlin v. L. Fernbach.

1. APPELLATE COURT PRACTICE—*Abstracts Must Be Sufficiently Full, etc.*—An abstract must, as against the appellant, be sufficiently full to present all the errors upon which he relies, and upon which error is assigned.

2. STATUTE OF FRAUDS—*Verbal Contracts, When Void.* — A verbal contract that is not to be performed within the space of one year after making, is void by the statute of frauds.

3. EVIDENCE—*Void Contracts—For What Purpose Competent to Show Intention of the Parties.*—A contract void under the statute of frauds is nevertheless competent for the purpose of showing the intention of the parties in regard to the subject-matter of the contract.

**Forcible Entry and Detainer.**—Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed November 18, 1898.

This was an action in forcible entry and detainer against appellant, who claims to be entitled to possession of the premises in dispute, as a tenant from year to year, and to sixty days' notice in writing, under the statute, in order to terminate his tenancy.

The evidence tends to show that appellant held originally under a written lease, which expired by its terms April 30, 1896. Before the expiration of this lease an agreement was made for a lease for another year at a reduced rental. Before the expiration of that year, the owner notified appellant, by letter dated March 20, 1897, that the latter would be expected to vacate the premises with the close of April, at which time the year covered by a lease in appellant's possession, signed by the lessor but not by appellant, would expire.

Appellant claims that a new verbal arrangement was made with the owner in September of 1896, by which appellant became entitled to hold as a tenant for a year from that date. The only change in the relation of the parties after that conversation, apparently, was that thereafter appellant paid the rent directly to the owner, instead of, as theretofore, to the agent, with whom he seems to have had some difficulty. It is stated in the appellant's brief, although the instruction is not abstracted, that the court instructed the jury to find appellant guilty of unlawfully withholding possession of the premises. This is assigned as error.

ERNEST LANGTRY, attorney for appellant.

LACKNER & BUTZ, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN, after making the above statement, delivered the opinion of the court.

It has been repeatedly held that an abstract must, as against the appellant, be sufficiently full to present all the errors upon which he relies and upon which error is assigned. Shields v. Brown, 64 Ill. App. 259, and cases there cited.

This rule we must adhere to.

But assuming that such an instruction was given, it was clearly proper under the evidence. Appellant was notified before the expiration of his original written lease that he could retain the premises at a slightly reduced rental for the year commencing May 1, 1896. A lease was made out, signed by the owner and left with him to be executed. He retained the premises and paid the rental at the reduced rate, and in accordance with the lease in his possession, although he had not signed it himself. No tenancy from year to year had been created, and none was created by the conversation with the owner in September following. No such construction can be placed upon that conversation, accepting appellant's version of it to be entirely correct. The conduct of both parties shows that they entered into a new contract,

with the terms of which each complied, for the lease of the premises for another year, commencing May 1, 1896. And though such verbal contract should be void, under the statute of frauds, yet it was evidence of the intention of both parties, that appellant should become a tenant for another year, as he did at the reduced rental, which he paid. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151–163, and cases there cited.

The judgment of the Superior Court is affirmed.