### D. W. Storrs v. Robert T. Terry.

#### Gen. No. 12,874.

1. ABSTRACT—*what not·sufficient.* An abstract which is a mere index is not in compliance with the rules and is insufficient to entitle a review.

2. ABSTRACT—*what must show.* An' abstract should show all those ·matters which it is essential for the court to consider in passing upon the errors assigned.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the ·Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed December 13, 1906.

WILLIAM A. OSMON, for appellant.

ALBERT A. KRAFT, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee, and against appellant, rendered by the Circuit Court, on appeal from the judgment of a justice of the peace. October 21, 1904, a day of the October term, 1904, the appeal bond and a paper purporting to be a transcript of the proceedings before the justice, were

filed in the Circuit Court. November 10, 1904, October term, 1904, the appellee, by his attorney, filed his appearance. December 8, 1904, November term, 1904, appellee moved the court to strike the cause from the short cause calendar and to strike from the files the transcript of the proceedings before the justice, on the ground that it was not a legal transcript, which motion the court overruled. December 19, 1904, the cause was called for trial, and appellee renewed his motion, which the court again overruled. The jury, after hearing all the evidence, rendered a verdict for appellee, and the court, after overruling motions for a new trial and an arrest of judgment, rendered judgment on the verdict.

The only objection argued by the appellant here is that a legal transcript of the proceedings before the justice, as required by section 25 of article 9 of the Act relating to justices of the peace, was not filed in the cause, and, therefore, the court erred in overruling his motion to strike the cause from the short cause calendar, etc. Manifestly, it is necessary to examine the paper filed as a transcript in order to decide that question. It is not abstracted, and the only reference to it in the abstract is: "3, 4. Purported transcript filed October 21, 1904." This is a mere index, not an abstract, such as is required by rule 18 of the court. A mere index is not sufficient. Allison v. Allison, 34 Ill. App. 385; Magner v. Trumbull, 33 ib. 646; Heidenbluth v. Rudolph, 50 ib. 242. Matters on which the decision of the cause depends must be abstracted, otherwise the court will not look to the record. Farson v. Hutchins, 62 Ill. App. 439, 441, and cases cited, *supra*. Such, also, is the rule in the Supreme Court. City Elec. Ry. Co. v. Jones, 161 Ill. 47; Gibler v. Mattoon, 167 ib. 18, 22.

For want of an abstract sufficient to enable us to determine the alleged error argued, the judgment will be affirmed.

*Affirmed.*