DENNIS KELLEHER, impleaded with Daniel Kelleher, Appellant, *v.* EDWARD TISDALE, Appellee.

APPEAL FROM PIATT.

The court will refuse to consider a case, where a defective abstract is furnished; referring to the pages of the record to be examined, instead of presenting the question or fact.

That a partnership existed between certain parties, may be implied from circumstances; and positive proof of the fact is not indispensible.

EDWARD TISDALE sued Daniel Kelleher and Dennis Kelleher, in assumpsit as partners, in the Piatt Circuit Court, for goods sold and delivered, and money due on account stated.

Summons served on Dennis Kelleher alone, and plea in abatement sworn to, filed by him, denying partnership. Cause tried by a jury, and judgment for plaintiff below for $1,306.58, and appeal prayed and allowed.

G. W. LAWRENCE, and A. J. GALLAGHER, for Appellants.

W. H. HERNDON, for Appellee.

BREESE, J. The abstract in this case, which is quite voluminous, does not give the instructions of the court, which are the only matters assigned for error, but refers us to the pages of a more voluminous record for them. We will not, hereafter, consider a case in which the abstact is so defective as this is. It is unpardonable, under such a rule of court as exists here, that counsel should impose on the court a labor which they are required to perform themselves, and which they must perform, or suffer the consequences.

We think there was no sufficient proof of a partnership, between the Kellehers. At the time Hollingsworth speaks of, they might have been in partnership, but it does not follow they were when this purchase was made; in fact, the agent of the plaintiffs, Bryant, states that the goods were sold to Daniel Kelleher alone, and the bills made out against him alone, and that he did not know Dennis Kelleher in the sale of the goods.

On the evidence, which was chiefly of circumstances, the defendant asked this instruction, which the court refused to give : " Unless the jury believe, from the evidence, that the plaintiff has proved that a partnership did actually exist between Daniel Kelleher and Dennis Kelleher, they will find for the defendant."

We think the instruction should have been given. If a party who is sued as a partner, who was not known to the plaintiff in the purchase, as this party was not, he ought to furnish satisfactory proof, that in fact, at the time of the purchase a partnership did actually exist, though unknown at the time to the seller. That a partnership did actually exist, may be implied from circumstances, it was wrong therefore to refuse to tell the jury that they must be satisfied of that fact.

The judgment is reversed and the cause remanded.

*Judgment reversed.*