## TOWN OF SANTA ANNA
### v.
## THOMAS F. TIPTON ET AL.

ABSTRACT OF RECORD.—The rules of court require a complete abstract or abridgement of the record in cases brought to this court; a mere index is not sufficient. The judgment is affirmed.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed February 3, 1882.

Messrs. MOORE & FULLER, for appellant.

Mr. N. H. RYAN, for appellees; that the abstract is insufficient, cited Buckley v. Eaton, 60 Ill. 252; Kelleher v. Tisdale, 23 Ill. 405; Johnson v. Bantock, 38 Ill. 111.

PER CURIAM. This suit was brought to recover for services rendered by appellees as attorneys for appellant, in resisting the payment of township bonds to the amount of $50,000, and for which they recovered a judgment in the court below for $3,000. The suit was based upon a written contract wherein it is provided in substance that when the litigation should be completed, and it should be determined that appellant was not legally liable upon the said bonds, appellees were to receive the sum of three thousand dollars, after a sufficient time had been given to said township to raise said amount.

In order to prove a compliance with the terms of this contract on their part, it became necessary for appellees to intro-

duce the records of several suits at law and in chancery in the State and Federal courts, that the court might see that a final adjudication upon the merits had taken place, and that appellant was no longer liable upon the bonds.

From any thing appearing in the abstract furnished us by appellant, we are unable to see that the circuit court erred in its finding. The rules of this court require a complete abstract or abridgement of the record, therein referring to the appropriate pages of the record by numerals on the margin, etc. This has not been done in this case. The only statement contained in it of the substance of a bill in chancery covering fourteen pages of the record, is contained in six lines of the abstract, while the substance of the ·decree is not given at all. Pages 122 to 160 of the record are disposed of in the following summary manner: " Plaintiff offers in evidence the papers and files in case of James Anderson v. The Town of Santa Anna." Pages 168 to 182 are abstracted thus: " Record taken to the United States Supreme Court in case of Leslie v. Town of Urbana." The abstract of this entire record made up largely of records in other cases, and covering 187 pages together with the assignment of errors, covers less than six pages of abstract and amounts to a very meager index of it. We do not feel under any obligations to examine a case of this magnitude without a proper abstract, and for this reason we affirm the judgment of the circuit court. Israel v. Town of Whitehall, 2 ·Bradwell, 509; Buckley v. Eaton, 60 Ill. 252; Kelleher v. Tisdale, 23 Ill. 405; Johnson v. Bantock, 38 Ill. 111.