CRAMER *et al.* *v.* MASONIC LIFE ASS'N OF WESTERN NEW YORK.

(*Supreme Court, General Term, Fifth Department.* April 11, 1890.)

1. LIFE INSURANCE—MUTUAL BENEFIT SOCIETY—WITHDRAWAL.
    The by-laws of a life insurance association provided that a member may at any time withdraw from this association by giving notice in writing of such intention to do so, and paying all assessments and dues to date. *Held*, in an action on his certificate after his death, that a notice of withdrawal by decedent was a bar to the action, though the company had not assented or dissented thereto, nor erased his name.

2. SAME—EVIDENCE.
    In an action on a life insurance certificate, where the question of membership is in issue, evidence showing that deceased was not a member is admissible, though his withdrawal is not pleaded.

Motion for new trial on exceptions.

Action by Emma E. Cramer, Grace E. Cramer, and Myrtie Cramer, infants, by their guardian *ad litem*, Emma E. Cramer, against the Masonic Life Association of Western New York, to recover on a certificate of insurance issued by defendant on the life of Leonard L. Cramer. The trial justice directed a verdict for defendant, exceptions to be heard in the first instance at general term.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George C. Reed,* for appellants. *Leroy Parker,* for respondent.

CORLETT, J. In June, 1887, Leonard L. Cramer became a member of defendant's association, and was insured by it for $2,000. He took a certificate. He was taken sick on the 24th day of January, 1888, and died on the 30th of the same month. On the 1st day of February the representatives of the insured paid to the company all the assessments which fell due on and before that day. The defendant accepted the money, but it had no knowledge at the time of the sickness or death of Cramer. The defendant refused to pay the insurance, and the plaintiffs brought this action. The cause was tried at the Wayne circuit in June, 1889, before Justice RUMSEY and a jury. At the close of the evidence the trial justice directed a verdict for the defendant. The plaintiffs excepted, and the exceptions were ordered to be heard here. The complaint alleges, in substance, that, at the time of his death, Cramer was a member of the order, in good standing; that the contract of insurance was in full force and effect, and had never been withdrawn, forfeited, vacated, or lapsed. The answer put in issue the allegations of membership at the time of death. The central contention on the trial was whether the deceased was a member when he died. The defendant insisted that he lost his membership by withdrawal, and also forfeiture for non-payment of assessments.

Section 1, art. 15, of the by-laws of the defendant, which are a part of the insurance contract, provides: "A member may at any time withdraw from this association by giving notice in writing of such intention to do so, and paying to the secretary all the assessments and dues that may be due at the time of giving such notice." The next section provides that, in the absence of such notice, he shall be bound to pay all assessments made before a notice from the secretary of the erasure of his name for non-payment of dues or assessments. The third section provides that such withdrawal forfeits all money paid to the association, and releases it from the payment of all claims or benefits. The above sections specify the circumstances and conditions under which a member may withdraw from the association, terminate liabilities, and relinquish claims. It will be observed that this right of withdrawal on the part of the insured is absolute, and in no way dependent upon the assent or dissent of the company. Its omission to erase his name or accept his withdrawal in no way restricts or limits the absolute right of withdrawal under the contract. In reply to a request of the defendant to the deceased to pay an assessment, he sent the defendant a postal, of which the following is a copy:

"MACEDON, N. Y., Jan'y 21, '88.

"Your statement dated Jan'y 18, '88, is received. In November, I sent you P.-note saying I wished to withdraw from membership, and not to send me any more assessments.

"Very truly yours,　　　　　　　　　　L. L. CRAMER."

The defendant's counsel offered this in evidence. The plaintiffs' counsel objected on the ground that it was not pleaded, and that they did not plead that they had ever acted upon it. The objection was overruled, and the plaintiffs' counsel excepted, and the postal was put in evidence. The question of membership being in issue, any evidence tending to show that the deceased was not a member was admissible. The other ground upon which the plaintiffs' counsel based his objection was that the withdrawal was never acted

upon by the company. As above shown, the action of the company was immaterial. The evidence tended to show that the postal-card sent in November, referred to in the one above quoted, was not received by the company; but it was assumed on both sides that it was properly sent by the deceased. The one of January 21st shows that Cramer adhered to his determination to withdraw, leaving no room for conjecture or inference that the notice of November was not deliberate, or was given under a misapprehension. At that time, he determined to withdraw, did what the by-laws required to insure that result, announced his adherence to that position, and there is no evidence of any change of mind or position on the part of the deceased during his lifetime. At the close of the evidence the plaintiffs' counsel asked to go to the jury on the question of withdrawal. The request is general. No specific question is pointed out or suggested as being one for the jury, and it must be assumed that they only desired to have the jury pass upon the question as to whether the company acted upon the withdrawal. No suggestion was made that the November postal was not properly served. Nothing was due at the time this notice of an intention to withdraw was given. The first assessment would not fall due until the 1st day of December. The insured, therefore, by his own act, during his life-time availed himself of his right under the contract, and ceased to be a member, which effectually bars a recovery. It does not distinctly appear upon what ground the trial justice placed his decision directing a verdict, but it was assumed by the counsel on the argument that the decision was based upon the ground that the insured ceased to be a member by withdrawal. Motion for a new trial is denied. All concur.