### Wabash Railroad Company and The Chicago & Western Indiana Railroad Company v. William H. Smith, Administrator of Claude B. King.

1. VERDICTS—*Conclusive as to Facts*.—Where there is no error of law on the part of the court, the verdict of a jury against a railroad company for injuries sustained through running cars upon a street crossing without precaution, has rarely been disturbed.

2. ABSTRACTS—*As Against the Appellant*.—The abstract of the record must, as against the appellant, be deemed sufficiently full and accurate to present all the errors upon which he relies.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

GEO. B. BURNETT, attorney for appellants; LEE & HAY, of counsel.

DOUTHART & GARVY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In Wallace street, which is a north and south street, were two railway tracks. Seventieth street crosses Wallace at right angles. In the abstract the vicinage is vaguely described as a populous district. There were no gates nor any flagman at the crossing.

In the afternoon of May 14, 1891, the intestate of the appellee, Claude B. King, a boy between thirteen and four-

teen years old, approached the crossing from the west, as a train of cars was going south on the west track. He waited for it to pass and then started, probably quite hurriedly, to cross Wallace street behind that train, when another train running north on the east track struck and killed him. A city ordinance limited the speed of passenger trains to ten miles per hour. The testimony varied widely as to the speed of that train—from twelve to thirty miles per hour. It was in excess of the limit. No question is made as to the responsibility of the appellants, if wrong was done.

The burden of the argument for the appellants is that the deceased did not exercise ordinary care. In considering that point the surrounding circumstances are to be looked at. It is proved that a bell on the train was ringing; probably another was ringing on the south bound train—but if not, the rumble of the latter train would, to some extent, drown the sound of a bell on the north bound; and besides, if a bell was heard, when two locomotives were passing each other, how could a spectator who had notice of but one, know that it came from another?

Even on street railways, where the speed is comparatively low, one train going upon a crossing of a street as another is leaving it, has been regarded as a very material factor on a question of the comparative negligence of the parties. Chicago City Ry. v. Wilcox, 33 Ill. App. 450; same v. Robinson, 127 Ill. 9.

Where no error of law on the part of the court is in the case, the verdict of a jury against a railroad for injuries sustained through running cars upon a street crossing without precautions, has rarely been disturbed. Lake Shore & M. S. Ry. v. Johnson, 135 Ill. 647; Chicago, Mil. & St. Paul Ry. v. Wilson, 35 Ill. App. 346.

The cases are too numerous to cite. It was for the jury to decide whether the deceased was negligent in not expecting, and guarding himself against, such a method of operating the road. The only exception shown by the abstract to which the argument of the appellants can relate, is to the refusal of the court to instruct the jury that the evidence was insufficient to maintain the case of the appellee.

We regard that exception as not well taken.  We do not look through the record to see if other exceptions were taken.  The "abstract must, as against the appellant, be deemed sufficiently full and accurate to present all the errors upon which it now relies."   Chi. Pac. & St. L. Ry. v. Wolf, 137 Ill. 360.

The judgment is affirmed.