## May C. Stinchfield v. The City of Chicago.

1. VERDICTS—*Weight of the Evidence.*—A verdict not so manifestly against the weight of the evidence as to indicate passion, prejudice, or an ignoring of the plain duty of jurors, will not be set aside.

2. REBUTTAL—*Evidence in Chief.*—Evidence, which is a part of the case in chief, may be properly refused when offered in rebuttal. It is a matter of discretion on the part of the court to admit or reject it.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 17, 1895.

Hamline, Scott & Lord, attorneys for plaintiff in error.

No appearance for the defendant in error.

Mr. Justice Waterman delivered the opinion of the Court.

This was an action for injuries received by the plaintiff while walking over an alleged defective sidewalk.

The jury returned a verdict for the defendant. The evidence as to the character of the walk at the time of the accident was inharmonious, and while it appears to us, reading the record here presented, that the plaintiff ought to have recovered damages, yet we can not say that the verdict is so manifestly against the weight of the evidence as to indicate passion, prejudice, or an ignoring of the plain duty of the jurors.

The judge of the Superior Court heard the testimony, saw the witnesses, and had an opportunity for forming a correct opinion as to the character of the verdict which we do not possess; sanctioned as the act of the jury has been by his judgment, we do not feel upon this record warranted in setting it aside.

It was not error for the court to refuse the evidence offered by the plaintiff in rebuttal; such testimony was properly a part of the case in chief; it therefore was a matter of discretion with the court to admit or reject it.

The judgment of the Superior Court is affirmed.

Gary, P. J. If the testimony of the witness of the appellant is to be believed, the sidewalk was in such condition that she was not using ordinary care in walking upon it without great caution. If that testimony is not to be believed, the city had no notice of defects in the walk.

In either aspect of the case she was not entitled to recover.