## Angie Traeger v. The Mutual Building and Loan Association and Samuel T. White, Impleaded with Darius J. Morey, Ellen A. Martin and George Oliver, Trustees.

60    443
a189s 314

1.  BILLS OF REVIEW—*When to be Brought.*—A bill of review can only be brought upon error in law appearing upon the face of the decree without further examination of matters of fact, or upon new matter which has been discovered since the decree.

2.  APPELLATE COURT PRACTICE—*Abstracts.*—Upon an abstract containing no copies or abridgments of any part of the record, but pointing only to places in the record where the same may be found, the action of the court below can not be reviewed.

**Bill of Review.**—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

MATTHEWS & HUGHES, attorneys for plaintiff in error.

M. L. RAFTREE, attorney for defendants in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The abstract of the plaintiff in error entitled the bill she

filed, " Bill of Review and Supplement." There is no claim of newly discovered evidence, and the review, if any, is to be —must be, for error apparent on the record of the former case. Ebert v. Gerding, 116 Ill. 216; and therefore that whole record must be inspected. Griggs v. Gear, 3 Gilm. 2.

The abstract filed contains no copies or abridgments of any part of that record, but only points us to places in the record here filed where such copies may be found. Such places constituting, as shown by side paging of the abstract, more than one hundred pages of the record here.

Upon such an abstract we can not review the action of the Superior Court, and the decree dismissing the bill must be affirmed. Wabash R. R. v. Smith, 58 Ill. App. 419; Vocke v. Peters, 58 Ill. App. 238; Hepp v. Jaenemann, 23 Ill. App. 453.

From the abstract we can learn nothing of the original case. Affirmed.

SHEPARD, J., takes no part in this decision.