250    APPELLATE COURTS OF ILLINOIS.

## George S. Poppers v. Charles G. Perkins.

1. APPELLATE COURT PRACTICE—*Insufficient Abstracts—Affirmance of the Judgment.*—Where an appellant fails to comply with rules of court respecting the making of abstracts of the record the judgment of the court below will be affirmed.

Bill to Foreclose Chattel Mortgages.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

JAMES E. PURNELL and HENRY J. REEZIGER, attorneys for appellant.

EDWARD OWINGS TOWNE and RICHARD H. TOWNE, attorneys for appellee; MASON BROTHERS, of counsel.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This cause seems to be an important one, involving, as appears by the master's report, more than $10,000, found by him to be due to appellant on notes secured by certain chattel mortgages. The master recommended that a decree of sale of the mortgaged chattels, to satisfy said indebtedness, be entered, but the court disapproved of the report, and dismissed the bill for want of equity. The questions argued are important ones of law, dependent upon disputed questions of fact, and, to be decided, require an investigation of every material part of the record. We are, however, precluded from going into the merits of the cause, for the reason that appellant has neglected to comply with the rule respecting the making of abstracts of the record.

The testimony of three of appellee's witnesses, occupying more than forty pages of typewriting, is entirely omitted from the abstract, not being even referred to by naming the witnesses. Numerous other omissions are but little less glaring, and the entire evidence occupies but about nine

Poppers v. Perkins.

pages of the abstract, although occupying in the master's report nearly three hundred pages.

Counsel for appellee complain of the manifest insufficiency of such an abstract, and insist that the rule shall be enforced, and the decree affirmed for non-compliance with it.

It is always an ungrateful duty to enforce a rule whereby possible injustice may be done, but the abstract here is not fair to opposing counsel, nor to the court, and our duty to the State requires us to insist, especially as against counsel who, from long experience and known capacity in their profession, must be presumed to be acquainted with the rules of court, that those rules shall be observed.

We owe to other litigants all the time that is not necessarily required to a full understanding of any particular cause, and it is the duty of the bar who bring cases to this court, to render the assistance that long established and salutary rules and usage say they shall render to entitle their causes to consideration.

In further illustration of the deficiencies of this abstract, and perhaps also of the transcript itself, we will cite what appellee's counsel have not been challenged for stating, viz., that there were thirty-four exhibits mentioned by the master in his report, while the record itself shows but six.

We might add that among those that are missing, or, more correctly, which we have been unable to find after considerable search through the record, are the promissory notes which the mortgages were given to secure. The abstract makes no reference whatever to where in the record the notes can be found, and, so far as we have been able to find, the record is destitute of the essential foundation for the foreclosure suit, to wit, the evidence of indebtedness which the mortgages recite they were given to secure.

Perhaps the last case in which we applied the rule, and cited the authorities, is that of Mallers v. Crane Elevator Company, 57 Ill. App. 283, where we said the rule was a living one, and must be complied with.

For want, therefore, of a proper abstract, the decree of the Circuit Court will be affirmed.