## Chicago & South Side Rapid Transit R. R. Co. v. Charles Lackman.

1.  ABSTRACT—*Must Show Exceptions.*—Where the abstract of the record does not show that any exceptions were taken to the action of the court below during the progress of the trial, no questions of law can be considered as before the Appellate Court.

2.  VERDICT—*Upon Conflicting Evidence.*—In the absence of error on the part of the court, the verdict of a jury, upon conflicting evidence, will rarely be disturbed.

Trespass on the Case—Personal injuries.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

GURLEY & WOOD, E. C. NICHOLS, and WALKER, JUDD & HAWLEY, attorneys for appellant.

W. S. ELLIOTT, JR., and R. WILSON MORE, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action to recover damages for a personal injury received by the appellee in the course of his employment as a switchman for the appellant, which resulted in a verdict and judgment for $1,500 in appellee's favor.

Counsel for appellant say they claim they are entitled to a reversal of the judgment upon two grounds :

" First.    The verdict is contrary to the law and the evidence.

Second.    The court erred in not giving the instructions asked for by defendant."

Counsel for appellee object to the insufficiency of the abstract in numerous respects, and urge the application of the rule of court concerning abstracts.

If there were any exception taken to the action of the court during the trial, either as to the admission or rejection of evidence, or the giving or refusal of instructions, or in overruling the motion for a new trial, or for any reason whatever, none has been noted in the abstract of the bill of exceptions, and we can not, unaided by reference, even, to where exceptions may possibly be found, hunt through the record to ascertain what that might show in such regard. As against the appellant, the abstract must present all the errors upon which he relies. C. P. & St. L. Ry. Co. v. Wolf, 137 Ill. 360; Wabash R. R. Co. v. Smith, 58 Ill. App. 419; Poppers v. Perkins, 61 Ill. App. 250; French v. Hotchkiss, 60 Ill. App. 580.

Alleged errors not excepted to when made are not reviewable upon appeal.

No questions of law are, therefore, before us.

As to whether the verdict was contrary to the evidence, we have examined to ascertain from a reading of it, whether such a case is presented as would justify us in overturning the verdict, where, as here, the verdict was returned upon conflicting evidence, and our conclusion is that we would not be so justified, even though an exception to the action of the court in overruling the motion for a new trial, were shown.

Where no error of law on the part of the court is in the case, the verdict of a jury upon conflicting evidence in cases of this character will rarely be disturbed. Wabash R. R. Co. v. Smith, *supra;* citing L. S. & M. S. Ry. Co. v. Johnsen, 135 Ill. 641.

The judgment will be affirmed.