**F. J. Schmitt v. J. M. Devine et al., for use of United States Heater Co.**

1. Statutes Construed—*Return of Legal Process.*—The meaning of the words "returnable at the next term," in Section 8, Chapter 62, R. S., entitled "Garnishment," is the next term to begin in not less than ten days.

| 63 | 289 |
| 63 | 352 |
| 64 | 260 |
| 63 | 289 |
| 67 | 291 |
| 164s | 537 |
| 63 | 289 |
| 69 | 147 |
| 63 | 289 |
| 88 | 362 |
| 63 | 289 |
| 111 | 589 |
| 63 | 289 |
| 113 | 81 |

2. GARNISHMENT—*Personal Service of Scire Facias Imperative.*—Personal service of a *scire facias* upon a garnishee is imperative in order to authorize a final judgment against him.

3. ATTACHMENT BOND—*Defective, Does Not Render the Proceeding Void.*—An attachment bond being amendable under Section 28, Chapter 11, R. S., entitled "Attachments," no defects in it will render the proceeding void.

4. ATTACHMENTS—*What Defects May be Urged by a Garnishee.*—It is a general rule that anything amendable is not void, and it is only defects in the proceedings against the original defendants in attachment proceedings which render them void, that garnishees may urge.

5. WAIVER—*Of Errors Assigned.*—Where a matter is assigned as error, but is not mentioned in the brief of the party assigning it, it will be considered as waived.

6. ABSTRACTS—*Observance of Rules Relating to, Required.*—This court, owing to the amount of business before it, requires the observance of the rule as to abstracts.

Attachment and Garnishee Process.—Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at March term, 1896. Affirmed. Opinion filed March 31, 1896.

LOEB & ADLER, attorneys for plaintiff in error.

ALLEN & BLAKE, attorneys for defendants in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Attorneys should remember that this court has, when it takes up one of their cases for consideration, no previous knowledge of what the case is about, and is to derive its knowledge of the case itself from the abstract, and that only.

The abstract in this case does show that interrogatories for garnishees, of whom the plaintiff in error was one, to answer, were addressed, so far as relates to him, with wrong initials for his given names; but as he was served both on the original attachment and the *scire facias*, in which were his right initials, and to neither of which did he pay any attention, he could not have been prejudiced by the mistake, and it is no ground for reversing the judgment. Had he objected below the mistake could easily have been rectified.

The abstract does not show in what form either the conditional or final judgment against him is in, or whom it is in favor of; but it does show that it was rendered March 27, 1895, upon *scire facias* dated January 30, 1895. Whether that judgment was by default, or upon appearance, and saying nothing in answer to the *scire facias*, does not appear by the abstract.

The judgment is to be presumed correct if it may be without contradicting the record, as shown in the abstract.

That the *scire facias* was returnable to the March term was no error. True, the February term was literally the next term after the date of the writ, but that term would begin in five days thereafter, and the meaning of the words in Section 8, Chapter 62, Garnishment, " returnable * * * at the next term," is the next term to begin in not less than ten days. Personal service of the *scire facias* is imperative to authorize a final judgment against a garnishee. McCourtie v. Davis, 2 Gilm. 298.

The law does not require a vain thing, and as the garnishee could not be required to appear at any term unless he had been served with the *scire facias* not less than ten days before the beginning of that term, it would have been useless to make the *scire facias* returnable to a term that would begin in five days.

These are the only alleged errors we can consider except an objection made to the attachment bond, but that being amendable—Sec. 28, Ch. II, Attachments—no defect in the bond would render the proceeding void. It is a general rule that anything amendable is not void, and it is only defects in the proceedings against the original defendants which render them void, that garnishees may urge. Dennison v. Blumenthal, 37 Ill. App. 385; same case under title Dennison v. Taylor, 142 Ill. 45.

If there be any assignment of error which raises the question whether the judgment was prematurely taken, such question is not alluded to in the brief of plaintiff in error, and is therefore waived. Cook v. Moulton, 59 Ill. App. 428.

Errors in the record, but not shown by the abstract, are not visible. It is a subject of complaint that this court requires an observance of the rule as to abstracts. The amount of business here is our justification. Kellogg v. McClellan, 62 Ill. App. 636; Klaas v. John Kauffman Brewing Co., 63 Ill. App. 319.

Thirty-six years ago the Supreme Court endeavored to compel observance of this rule by a threat. Kelleher v. Tisdale, 23 Ill. 405.

Four years later that court, without executing, repeated the threat. Shackelford v. Bailey, 35 Ill. 387.

So the judicious mother secures the obedience of her wayward children. Johnson v. Bantock, 38 Ill. 111.

The judgment is affirmed.