## James A. Bishop v. Leopold Loewus et al.

1. Appellate Court Practice—*Abstracts.*—An index is not an abstract. It gives the court no information.

Debt, on foreign judgment. Error to the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

Edwy Logan Reeves, attorney for plaintiff in error.

Marvin E. Barnhart, attorney for defendants in error; Walter Olds and Charles F. Griffin, of counsel.

Mr. Presiding Justice Gary delivered the opinion of the Court.

Says Isaiah xxviii. 9, 10, "Whom shall he teach knowledge? And whom shall he make to understand doctrine? * * For precept must be upon precept; * * line upon line, line upon line; here a little and there a little," and yet constant repetition, in multitudes of cases, of the doctrine copied from 137 Ill. in Wabash R. R. v. Smith, 58 Ill. App. 419, that the "abstract must, as against the appellant, be deemed sufficiently full and accurate to present all errors upon which it now relies," seems to have no effect toward causing the abstracts filed here to be such that we can see, by such abstracts, what the action of the court below, of which complaint is made, was based upon.

An index simply is not an abstract.

It is useless to fill space here with citation of cases, as they can easily be found in the indices of the reports of cases decided by the several Appellate Courts of this State, and in the digests.

The abstract here, after the placita, praecipe and summons, and the assignment of errors, as shown in the abstract are as follows:

"5. On the 21st day of February, 1894, declaration in an action of debt filed in the office of the clerk of the said Superior Court, in the usual form, on a judgment obtained in the State of Minnesota.

7. Copy of judgment sued on, showing the amount of interest allowed on said judgment to be seven per cent per annum.

10. Showing that the only claim of the plaintiff was seven per cent interest on the amount involved.

19. Affidavit of Harry D. Irwin, showing that they only claim seven per cent interest on the amount.

20. Appearance of James A. Bishop, by E. L. Reeves, attorney.

20. Continuation of page 20, court granted leave to defendant to file an amended plea in abatement instanter, which the court afterward struck from the files.

22. The defendant on the day and year aforesaid, March 15, 1894, filed the amended plea, according to leave of court, instanter, which is set out in full, page 22, and continuing on page 23.

22. Judgment entered by the court; debt, $1,454.58; damages, $1,023.28."

" ASSIGNMENT OF ERRORS ON BEHALF OF JAMES A. BISHOP, PLAINTIFF IN ERROR.

1. The plea of the defendant was to the jurisdiction, filed in apt time and in proper form.

2. The plea was unanswered.

3. The court erred in striking the plea from the files and entering judgment; issues should have been joined and a trial had on the issues tendered.

4. The court erred in allowing judgment in excess of the amount claimed in plaintiff's declaration.

5. It was not necessary to except to the judgment."

Such a misnamed abstract gives us no information as to what the Minnesota judgment was—who were the parties to it—what the supposed matter in abatement was, or how pleaded, nor of the state of the record when the plea was stricken out, nor why it was done.

The judgment is affirmed. Klaas v. John Kauffman Brewing Co., 63 Ill. App. 319; Schmitt v. Devine, 63 Ill. App. 289.