## Thomas S. Corrigan v. J. J. Reilly et al.

1. PRESUMPTIONS—*Upon the use of the Term " Common Counts."*—Where the abstract shows that the declaration contained the "common counts" in assumpsit the court will assume that a count for work, labor and materials, and a count upon an account stated were among them.

2. SAME—*Directions to Workmen.*—Where a person in giving directions to have work done gives no information that he represents another, and there is nothing in the evidence showing such fact, he will be personally responsible.

3. SAME—*As to Judgments.*—A judgment is presumed to be correct unless the contrary is shown.

4. SAME—*Absence of Pleadings in an Abstract.*—Unless the abstract shows pleadings which the evidence will not fit, the court will presume that there were appropriate pleadings.

Assumpsit.—Common counts.   Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.   Heard in this court at the March term, 1896.   Affirmed.   Opinion filed March 31, 1896.

PRENTISS, HALL & GRIGGS, attorneys for appellant.

STEELE & ROBERTS, attorneys for appellees, contended that the taking of a promissory note for a pre-existing debt is treated *prima facie* as conditioned payment; that is, as payment only if it is duly paid at maturity.   Heartt v. Rhodes, 66 Ill. 351; Cheltenham Stone & Gravel Co. v. Gates Iron Works, 124 Ill. 623.

A distinction should be made between an indebtedness and a note or other evidence of indebtedness.   A note may be destroyed and the indebtedness still exist.   Notes may be given but the indebtedness is not paid thereby, except by special agreement.   The taking of a note of a third person by a creditor for a pre-existing debt of his debtor, is not payment unless it is expressly agreed that the note should so operate as payment.   In the absence of a special agreement that the note shall operate as payment, the pre-existing debt is presumed to survive and exist.   Walsh v. Lennon,

98 Ill. 27; Wilhelm v. Schmidt, 84 Ill. 185; Cheltenham S. & G. Co. v. Gates Iron Works, 124 Ill. 623; White v. Jones, 38 Ill. 160; Citizens Nat'l Bank v. Dayton, 116 Ill. 257.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The abstract shows that articles of incorporation of the Montana Columbian Club were filed for record somewhere, June 20, 1893.

It does not show where they were recorded, nor when, nor what steps were first taken to organize such a corporation. Nothing in the abstract intimates the existence of any corporation before that date.

The abstract shows that the declaration contained the "common counts" in assumpsit; we will assume that a count for work, labor and materials, and a count upon an account stated were among them.

Some time in the spring of 1893, and early enough to have the job completed by May 6th of that year, the appellant directed the appellees to do the "job" of painting and decorating, the price or value of which, with interest, is the sum here in controversy.

We say with interest, and yet we only guess at that, for the abstract tells nothing of the amount recovered.

That the appellees earned $552.95 and have been paid nothing, is not disputed. In giving directions to have the work done, there was no hint that the appellant represented anybody but himself, nor is there any hint in the evidence that there was then anybody whom he could have been the representative of.

He was, therefore, himself responsible for the value, and that is not disputed. The defense is that afterward the corporation gave its note for that value, guaranteed by the appellant, and still later, that such note was surrendered for other paper, none of which was ever paid. The liability of the appellant therefore remains. Cheltenham Stone and Gravel Co. v. Gates Iron Works, 124 Ill. 623.

This view of the case makes it unnecessary to discuss the

many abstruse questions raised by the instructions, and argued in the briefs.

The judgment is affirmed.

MR. PRESIDING JUSTICE GARY ON PETITION FOR REHEARING.

The petition quotes the testimony of the appellee Reilly that " I understood when I was doing this work, this place that was decorated was to be for the Montana Columbian Club.    I understood this when Corrigan made out the ninety day note;" and argues that the personal liability of the appellant is thereby negatived.

How it follows that knowledge that the place was to be for a club, not shown to be then existing, rebuts the liability of him who ordered the doing of the work, without words hinting at any limitation upon the liability imposed by law for reasonable compensation for work done at his request, is not shown.

The petition says, " we do not think it is fair that the court should indulge in a presumption that the declaration contained a count under which the plaintiff could recover, and refused to refer to the record as to the date of the articles of incorporation."

A judgment is to be presumed correct unless the appellant shows the contrary.    Culver v. Screth, 153 Ill. 437.

Unless his abstract shows pleadings which the evidence would not fit, we presume appropriate pleadings, and unless it shows whatever evidence is supposed to be against the appellee, such evidence is not before us.    Wabash R. R. v. Smith, 58 Ill. App. 419.    This rule prevails even in criminal cases.    Strohm v. People, 160 Ill. 582.    The petition is denied.