## Mobile & Ohio R. R. Co. v. Anton Langsdorf, Jr.

1. VERDICTS—*When Conclusive.*—The credibility and weight to be given to the testimony of witnesses is a matter for the jury to determine, and their decision is final, unless passion, prejudice or partiality appear to have governed their action, or unless an error of law is shown to have been committed by the court during the trial.

Trespass on the Case, for personal injuries and injuries to personal property. Appeal from the Circuit Court of Monroe County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1896. Affirmed. Opinion filed March 3, 1897.

LANSDEN & LEEK and CHARLES MORRISON, attorneys for appellant.

RICKERT, GAUEN & WINKELMAN, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

In this suit by appellee against appellant, brought to recover damages for personal injuries and the destruction of and injury to certain personal property, resulting from a collision between appellant's train and appellee's team and wagon, the jury returned a verdict for plaintiff and assessed his damages at $300; defendant's motion for a new trial was overruled and judgment was entered on the verdict for $300 and costs.

This appeal is taken from that judgment and appellant claims it ought to be reversed on the ground alone "that the judgment is not sustained by the evidence." No objection is made to any ruling of the court upon the admission, or refusal to admit evidence, or to the giving of instructions; nor that if the plaintiff was entitled to recover, the damages assessed were excessive. But it is contended that the negligence averred, which was that the bell was not rung, nor the whistle blown, to warn appellee of the approach of the train, was not proven, and if the proof did establish that fact, yet he was guilty of such contributory negligence in approaching the track, without exercising due care to discover the approach of the train, that he ought not to recover. Ten instructions, all that appellant requested, were given. Nine of these informed the jury that appellee must show by the evidence that he used reasonable care for his own safety; that it was not enough to prove the bell was not rung, or that the whistle was not blown upon defendant's locomotive engine for the distance of eighty rods before said engine reached the highway crossing, but it must also be shown that the failure to ring the bell, or sound said whistle, was the cause of his injury. The only question presented is one of fact, and we find in the record the evidence of several witnesses showing no signal was given, either by ringing the bell or sounding the whistle on the engine, to warn appellee of the approach of said train, and he testified he looked both ways, up and down the track, as he approached it, and neither saw nor heard the train. He was not contradicted as to this fact.

We think the evidence was sufficient, if true, to establish all the necessary facts justifying appellee's right to recover, including the fact that he used ordinary care for his safety in approaching the track. The credibility and weight to be given to the testimony of the various witnesses was a matter for the jury to determine, and their decision is final, unless passion, prejudice or partiality appear to have controlled their action, or unless an error of law is shown to have been committed by the court during the trial. St. L., A. & T. H. R. R. Co. v. Will, 53 Ill. App. 649; Stinchfield v. Chicago, 60 Ill. App. 338; C. & South Side R. R. Co. v. Lackman, 62 Ill. App. 437, and cases there cited; C., C., C. & St. L. Ry. Co. v. Ahrens, 42 Ill. App. 434; Penn. Co. v. Frana, 112 Ill. 405; C. & A. R. R. Co. v. Adler, 129 Ill. 341; Pullman Palace Car Co. v. Laack, 143 Ill. 258; Cicero Street Ry. Co. v. Meixner, 160 Ill. 320; C., C., C. & St. L. Ry. Co. v. Baddeley, 150 Ill. 328; C. & A. R. R. Co. v. Sanders, 154 Ill. 431.

We find the judgment was sustained by the evidence, and no sufficient reason for reversal appears.

The judgment is affirmed.