### Ignatz Hasterlik et al. v. Henry Sangerman.

1.  APPELLATE COURT PRACTICE—*Affirmance on Insufficient Abstract.* —An abstract which does not show the matters upon which rulings of the court were excepted to, but merely refers to a page of the record for them, is insufficient.

Trover.—Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding.  Heard in this court at the October term, 1896.  Affirmed.  Opinion filed March 8, 1897.

BLUM & BLUM, attorneys for appellants.

MOSES, PAM & KENNEDY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The abstract states as the declaration what is a count in trover, and later says " trover, count and declaration dis-

missed by plaintiff;" yet neither in the Circuit Court nor here, by motion in arrest or assignment of error, is any want of sufficient pleadings made a ground of objection to the judgment.

The action seems to have been by the appellee against the appellants—plaintiffs in an execution—for directing, and against a constable for making, a levy of that execution upon property of the appellant, exempt from execution.

The brief of the appellants says, "there are several rulings to which exceptions were taken, but by far the most important one relates to the schedules. Of these, two were referred to in the testimony." The abstract shows no schedule, but refers to a page of the record for one. Schmitt v. Devine, 63 Ill. App. 289; City Electric Ry. Co. v. Jones 161 Ill. 47.

The insufficiency of the abstract is objected to in the brief of appellee, but the appellants have paid no attention to the objection. There is evidence fairly tending to show that the appellants directed the levy, and it was made, whether rightfully or wrongfully, we have no means of knowing.

Upon the question of the value of the property taken, there may be some uncertainty, but upon testimony which upon the trial was not objected to, the court, by requiring a remittitur down to $250, seems to have been satisfied that that sum was not excessive, and we can not determine from the evidence whether it was or not. The appellee testified that "the stock was of all kinds of wines and liquors, about $250 worth," besides cigars, tobacco, cigarettes and pipes. The presumption is that the judgment is right, unless it is shown to be wrong, and it is affirmed.