## George T. Cline v. John C. Patterson.

1. ATTACHMENT—*Irregularities in Original Writ May be Cured.*—
An omission from the writ of attachment of a recital of the cause of
attachment set out in the affidavit, is amendable under section 28 of the
attachment act. and does not make the writ void, nor deprive the court
of jurisdiction to render judgment against the property attached.

**Attachment.**—Error in the Circuit Court of Cook County; the Hon.
RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appel-
late Court at the October term, 1899. Affirmed. Opinion filed April 17,
1900.

IVES, MASON & WYMAN, attorneys for plaintiff in error.

JOHN C. PATTERSON, attorney for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff in error was sued in attachment upon the ground of non-residence. He was not personally served with process and did not appear. Service was had by publication. Judgment was entered upon default and an execution levied upon the property attached. It is now sought to reverse this judgment upon the alleged ground that the attachment writ was defective and the court without jurisdiction.

The attachment affidavit and the bond in form as required by statute appear to have been duly filed, and also a declaration containing the common counts accompanied by an affidavit of the plaintiff's claim.

The statute upon attachments (R. S., Chap. 11, Sec. 6) provides that the writ shall be substantially in the form stated therein, which form requires the insertion of the cause of attachment "set out in the affidavit" in a blank space left for the purpose. By an apparent clerical error this space was not filled, and the cause of attachment, that the debtor "is not a resident of this State," was omitted from the writ. It is urged that this omission deprived the court of jurisdiction to render judgment against the property attached.

Section 28 of the attachment statute provides that no writ of attachment shall be quashed, nor the property taken thereon restored on account of any insufficiency of the original writ of attachment, if the plaintiff, or some one for him, shall cause the writ to be amended in such time and manner as the court shall direct.

If it be conceded that the omission from the preliminary recital to the writ, of the statement of the cause set out in the affidavit, upon which the attachment was based, is a substantial defect, and that its insertion was mandatory, as is claimed by counsel for plaintiff in error upon the authority of such cases as Sidwell v. Schumacher, 99 Ill. 426, it

was a defect which could be cured by amendment " in such time and manner as the court shall direct." In Schmitt v. Devine, 63 Ill. App. 289 (291), it was held that a defect in an attachment bond, being amendable, would not render the proceeding void, it being a general rule that anything amendable is not void. And in C. & O. Ry. Co. v. Radbourne, 52 Ill. App. 204, where judgment was rendered in violation of the statute for a greater amount than was claimed in the attachment affidavit, the court refused to consider the objection on appeal, presuming that had it been called to the attention of the trial court it would at once have been cured by remittitur.

It is said by counsel for plaintiff in error that they do not question the rule that what is amendable is not void, but they insist that what is void is not amendable, and that the writ in this case is void. The statute referred to, however, expressly provides that " any insufficiency " in such writ of attachment is amendable. In this respect the question presented is different from that determined in Weaver v. Peasley, 163 Ill. 251 (254), referred to by counsel for plaintiff in error. Here the court had jurisdiction to issue the attachment writ upon the filing of the affidavit, as required by section 2 of the statute, and whatever irregularity, if any, there was upon the face of the writ, was at the most an insufficiency, amendable by the statute, and it can not be considered void. The judgment of the Circuit Court must be affirmed.