## Jan Chaloupka, et al., v. Bohemian Roman Catholic First Central Union.

### Gen. No. 11,034.

1. FRATERNAL BENEFIT SOCIETY—*right to terminate membership in a.*  A member of a fraternal benefit society may, at any time, with or without cause, terminate his membership therein.

2. FRATERNAL BENEFIT SOCIETY—*when membership in, is terminated.*  Where one pursuant to a resignation sent by himself, or by another in his behalf (with or without authority), is, after such resignation has been duly accepted, called upon to settle his account with his lodge and to return lodge property, pays the one and surrenders the other, he thereby terminates his membership in such organization and his beneficiaries are not entitled, in the event of his death, to benefits by virtue of a benefit certificate issued during his membership in such organization.

3. ABSTRACT—*what should show.*  The abstract filed on appeal must be sufficiently full to enable the court to determine therefrom whether or not the errors assigned are well taken, and the court will not search the record to determine whether technical objections are well taken.

Action of assumpsit upon benefit certificate.  Error to the Superior Court of Cook County; the Hon. MARCUS KAVANAUGH, Judge, presiding.  Heard in this court at the March term, 1903.  Affirmed.  Opinion filed January 14, 1904.

CHARLES A. CHURAN and JONES & LUSK, for plaintiffs in error.

KRAUS, ALSCHULER & HOLDEN, for defendant in error.

**Statement by the Court.**   Defendant in error is a benefit society, organized on the lodge plan.   One of its subordinate lodges in the city of Chicago is known as No. 244. Plaintiffs' decedent, Joseph Chaloupka, became a member of this lodge in 1895.   His certificate, as changed in 1897,

named plaintiffs, his father and mother, as beneficiaries. It reads as follows :

" BOHEMIAN ROMAN CATHOLIC FIRST CENTRAL UNION OF THE UNITED STATES OF AMERICA.

This certificate, issued by the authority of the Bohemian Roman Catholic First Central Union, witnesseth, that brother J. Joseph Chaloupka is a member of Society No. 244 of said union, located at Chicago, in the State of Illinois, is entitled to all the rights and privileges of membership in the B. R. C. First Central Union, and to participate in the beneficiary fund of the union to the amount of thirteen hundred dollars. Which sum shall at his death be paid to the person or persons which are named in the application papers and filed with the secretary of said union. This certificate is issued upon the express condition that said J. Joseph Chaloupka shall, in every particular, while a member of said union, comply with all the laws, rules and requirements thereof.

In witness whereof, the Bohemian Roman Catholic First Central Union, has caused this to be signed by its president and secretary and the seal thereof to be attached, this 15th day of April, 1897.

Jos. CHALUPSKY, President,
F. SINDELAR, Secretary,
B. R. C. F. Central Union.

We, the undersigned, president, secretary and representative of the Society Foresters of St. Vaclav No. 244, jointly subscribe this certificate and attach the seal of this society thereto, making this certificate valid and in full force, this 25th day of July, year 1897.

JOSEF KRUSA, President.
FRANK CHALOUPKA, Secretary.
FRANK PEKAREK, Representative."

In September, 1900, a written communication purporting to be signed by Joseph, but probably signed and delivered by his brother Frank, was received by the lodge. It stated that he no longer desired to be one of its members. Thereupon the lodge appointed a committee of two to adjust his accounts with the lodge and to get from him certain property belonging to it. They went to his home in the latter part of September, 1900, and there presented to him an account, showing a balance due from him for assessments,

after deducting $3, the price of a gun, of $1.85. This account they delivered to him, upon his paying such balance and surrendering the gun to them. Thereafter he attended no meetings of the lodge and paid no further assessments. His resignation was accepted by the lodge, and that action was entered on its minutes, and notice thereof was sent to the defendant. His resignation was shown in the monthly bulletin published by the defendant October 29, 1900.

About December 1, 1900, the assured was taken ill with typhoid fever, and his father went to the officers of the lodge to get him reinstated. The father says that all he offered to do was to pay certain assessments. The evidence of the defendant and the circumstances strongly tend to prove that the father tried to bribe two of the officers, by offering each of them $50 and giving $100 to the lodge, if they would fix the books so they would show that Joseph was still a member of the lodge. In either event, nothing came of it. Joseph died December 24, 1900.

Suit was brought upon the certificate. Upon the trial the plaintiffs made a *prima facie* case, and then the foregoing facts were put in evidence.

The jury found a verdict for the defendant, and judgment was entered thereon, from the entry of which this appeal was taken.

MR. JUSTICE BALL delivered the opinion of the court.

It is inherent in the verdict that the jury found that in September, 1900, the deceased withdrew from the local lodge. He had the right to terminate his membership at any time, for cause or without cause, as he saw fit, as the organization was a voluntary one, and his membership in it was voluntary. Bacon Ben. Socs., Sec. 111, and cases cited.

It is immaterial whether the deceased, or his brother Frank, wrote, signed and sent to the lodge his resignation, for it appears without dispute that when the committee called upon him to settle his accounts with the lodge, and to demand from him the lodge property then in his pos-

session, he paid the one and surrendered the other, and declared that he "might become a member again." The deceased, therefore, by his own acts, during his lifetime, availed himself of his right to withdraw from membership in the lodge. Cramer v. Masonic L. Ass'n, 9 N. Y. Supp. 356; Stewart v. Supreme, etc., 36 Mo. App. 319.

That the deceased no longer considered himself a member is shown by his acts and words during his interview with the lodge committee, and the fact that he never thereafter visited the lodge nor further concerned himself about its assessments. That his father, who was present at and took part in the settlement, believed his son had withdrawn from the lodge, appears from his efforts, after the deceased was taken sick, to induce the officers of the lodge to change its books so that they would not show the resignation. That the officers and members of the lodge thought the deceased was no longer one of their number is evident from the acceptance of the tendered resignation and the report made thereon to the parent body. That the defendant acted upon and accepted the report submitted to it is shown by its October, 1900, bulletin, in which he is dropped from the roll of members. The certificate of membership issued by the defendant is based upon the continued membership of the assured in some one of its subordinate lodges. It recites that he "is a member of society No. 244 of said union located in Chicago in the State of Illinois." This certificate had to be and was approved by his lodge before it became valid and binding. It also provides it is issued upon the express condition that he "shall, in every particular, while a member of said union, comply with all the laws, rules and requirements thereof."

The constitution and by-laws of the defendant were put in evidence. They provide that monthly assessments for death benefits shall be made, of which each member shall pay his share; that a record of the admission and resignation of each member shall be kept by the local lodge, and by it reported without delay to the parent body; and that in case of the death of any member in good standing in his

Chaloupka v. Bohemian Roman Catholic F. C. U.

lodge and in the parent body, his beneficiary shall receive the death benefit for which the deceased was insured. Under these conditions the proposition' that a member can resign from his lodge, and remain unattached, subject to no' duties or obligations, and still keep his certificate in force, requires no answer. The deceased voluntarily withdrew from membership in lodge No. 244; this was accepted and acted upon by the lodge and by the defendant; and thereby he barred his beneficiaries from recovery in this case. Cramer v. Masonic L. Ass'n, *supra;* Stewart v. Supreme, *supra.* Counsel for plaintiff in their abstract note the offer and admission of the constitution and by-laws in evidence over their objection and exception, but they do not abstract a single line of such constitution and by-laws, nor do they state the ground of their objection to the same. The rule is well settled that the abstract must be sufficiently full to enable the court to determine from it whether or not the errors assigned are well taken. Johnson v. Bantock, 38 Ill. 111; Strohm v. The People, 160 Ill. 582; City Electric Ry. Co. v. Jones, 161 Ill. 47; Poppers v. Perkins, 61 Ill. App. 250; Schmitt v. Devine, 63 Ill. App. 289. We will not search the record for technical objections to evidence otherwise competent.

Counsel for plaintiffs do not point out to us any specific objection in the given instructions, nor any definite reason why the refused instructions should have been given. It is evident that the learned trial judge was of the opinion that the deceased had voluntarily withdrawn his membership, and gave and refused the tendered instructions upon that theory. In so doing he did not commit error.

The judgment of the Superior Court will be affirmed.

*Affirmed.*