## Elizabeth Dvorak, Plaintiff in Error, v. Bohemian Roman Catholic First Central Union, Defendant in Error.

## Gen. No. 16,742.

1. FRATERNAL BENEFIT SOCIETIES—*how intention to withdraw may be shown.* An intention to withdraw from an association may be shown by conduct as well as by evidence of oral declaration of a resignation.

2. FRATERNAL BENEFIT SOCIETIES—*when withdrawal established.* If

Dvorak v. Bohemian First Central Union, 170 Ill. App. 624.

the member voluntarily resign and such resignation is accepted he ceases to be a member and a restoration of membership is not effected by the financial secretary of the organization accepting dues after his death.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912. Rehearing denied May 7, 1912.

BENSON LANDON, for plaintiff in error.

KRAUS, ALSCHULER & HOLDEN, for defendant in error; ALFAR M. EBERHARDT, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The plaintiff in error, Elizabeth Dvorak, hereinafter called the plaintiff, brought suit against the Bohemian Roman Catholic First Central Union, hereinafter called the defendant, upon a membership certificate issued to her husband by the defendant. The case was tried before the court without a jury, and a finding made in favor of the defendant, upon which the judgment was entered which we are asked to reverse.

But one point is relied upon as ground for reversal, namely, that the finding of the trial court was against the conceded facts in the case.

The deceased left him surviving a wife and grown children. From the record it appears that the family were not harmonious, and that at the time of his death and for some time prior thereto, decedent's wife was not living with him, nor were any of his children. His wife, the plaintiff, had left him on different occasions, and returned to him. Six weeks previous to his death she again left him. She stated that she was at his house two days before he died; that before that time he had come down to the store which she kept on Halsted street and asked her if she was coming back, and she replied to the effect that she never would come

back to him. On October 13, 1908, Dvorak received a notice from the lodge to pay his September dues. On October 18th following he attended a regular meeting of the society, and stated to the secretary, in the presence of several members, that as his daughter and wife did not live with him, there was no use to keep up his membership in the lodge, and he did not want to pay his dues any more. The testimony would tend to show that at this time he was sober, although from the testimony of the plaintiff that would not seem to have been his usual condition. He did not pay the September dues at that time, and died leaving them still unpaid. The minutes of the meeting were intro- duced in evidence, wherein it was stated that Dvorak had resigned, and that he owed $4.73 for his September dues. It further appeared that his certificate of resignation dated October 18, 1908, was addressed to the financial secretary of the Bohemian Roman Catholic First Central Union, or Grand Lodge. The financial secretary of the Union testified that he received the certificate above referred to, in his official capacity, and that following out the usual rule in such cases, he had accepted it and stopped the assessments against Dvorak on the 25th day of October following, on which date another assessment was due.

A witness, who was a member of the local society and its president during October, 1908, testified on cross-examination that he thought it was the duty of Joseph Menk, the representative of the society, to try to get back the certificate of membership; that nothing was said to Dvorak at the meeting of October 18th about returning his certificate.

On October 30, 1908, Frank Dvorak died. After his death his daughter found a postal card dated October 13, 1908, and bearing post-mark of the same date. This postal card was the notice to attend the meeting of October 18th, and advised him of the amount that was due from him for assessments on account of

deaths, quarterly dues, grand lodge dues, etc., being a total of $4.73. She took this card to the financial secretary of the local lodge and informed him that her father was dead and that she had come there to pay his dues. The financial secretary received the money and marked the postal card "Paid."

There was evidence to the effect that members of the society attended the funeral of deceased and wore the regalia of the lodge.

The point chiefly relied upon by the plaintiff apparently is that there was no such action by the association as amounted to an acceptance of the withdrawal before the death of Dvorak; that Dvorak in his conversation had no intention that his proposed resignation should take effect until it became necessary for him to make further payment. The cases relied upon by appellant are chiefly those in which the society has undertaken to declare a forfeiture for non-payment of assessments.

In Lehman v. Clark, 174 Ill. 279, it is said:

"We have no statute in this state concerning withdrawing members or providing for any mode of withdrawing, etc., and no one ever contemplated that any person who joined such an association or society is bound to stay in it for life. The member's failure to pay is his declaration of severance and the forfeiture provided for in the by-laws and constitution is the association's compensation. The option is with the member and not with the association."

In the present case the severance from membership is not claimed because of non-payment of dues, but because of the declaration of the deceased himself that he desired to withdraw from membership.

None of the authorities cited by the plaintiff are decisions of the courts of Illinois. Whatever may be the rule in other states, it is firmly established by judicial decisions in this state that an intention to withdraw from an association may be shown by con-

duct as well as by evidence of oral declaration of a resignation.

In Van Frank v. U. S. Ben. Ass'n, 158 Ill. 560, it was held that in a suit upon a certificate of membership in a mutual benefit society, under which the member had power to change the beneficiary at pleasure, and to pay assessments or drop membership, as he chose, his declaration that he would no longer pay assessments may be shown in connection with the fact that he failed to pay.

There is no contradiction in the record to the evidence of several members of the association that the deceased stated that he wished to withdraw, and that he had no reason to continue to be a member. It is undisputed that he did not pay his dues, and that his dues were, after his death, handed to the financial secretary by a daughter. It also appears uncontradicted that the resignation was accepted by the local society; that the main organization received the notice of the resignation and treated the deceased as no longer a member.

In Chaloupka v. Bohemian Roman Catholic First Central Union, 111 Ill. App. 585, it was said:

"That the officers and members of the lodge thought the deceased was no longer one of their members, is evident from the acceptance of the tendered resignation and the report made thereon to the parent lodge. That the defendant acted upon and accepted the report submitted to it is shown by its October, 1900, bulletin in which he is dropped from the roll of members."

No method of acceptance of resignation seems from the record to have been provided by the constitution or by-laws of the society or order. The act of Dvorak in resigning was voluntary. The society had no power to retain him as a member after he had expressed his desire to resign. In our opinion, also, the financial secretary by receiving the dues from the daughter, after the death of Dvorak, did not and could

not by that action restore him as a member of the society. There is, also, evidence in the record tending to show that the money never was received by the society.

We find no error in the record, and the judgment of the Municipal Court is affirmed.

*Judgment affirmed.*